WILLIAM H. McDANIEL, Plaintiff in Error, v. JONATHAN
L. JAMES, Defendant in Error.

ERROR TO CLARK.

Where a party was informed of every fact which he proposes to interpose as a de-
fense, when he abandoned his case, and permitted a decree *pro confesso* to go
against him, he should not be allowed to file a bill of review.

THIS bill in chancery states that the complainant was the
owner in fee of lot No. 3, in block No. 25, in the town of Mar-
shall, on which was a dwelling house and other improvements,
of the value, in all, of about $1,000 ; that he made an agreement
to exchange with defendant for the N. W. qr. of the S. W. qr. of
section 30—40 acres—and 20 acres off the W. hf. of S. W. qr.
of section 29, to be taken out of any portion thereof which
complainant might want—all of said lands lying, etc. ; that in
pursuance of such agreement, complainant executed and deliv-
ered to defendant a warranty deed for said lot ; that defendant
took immediate possession of the same, and had been receiving
and enjoying the rents and profits of the same ; that at the time
of executing such deed by complainant, defendant, in consider-
ation thereof, agreed that defendant and his wife would execute
and deliver to complainant a good and sufficient warranty deed
for the said lands ; that defendant had .failed and still refused
to make such deed.

Bill prays that defendant be decreed to convey to complainant,
by a good and sufficient deed of warranty, signed, sealed and
acknowledged by himself and wife, the said lands by him agreed
to be conveyed ; that in default thereof, a commissioner do so
for him ; and that defendant be decreed to pay the amount of
rents and profits received by him on said lands to complainant ;
and concludes with prayer for general relief.

The defendant filed his answer to bill, and the complainant
filed his exceptions thereto. Exceptions of complainant were
sustained to defendant's answer, and leave given to answer
again.

At same term of court, defendant withdrew his appearance
in the cause.

At same term of court a decree *pro confesso* was taken against
defendant. Decree recites the ▊ing of the court to be : That
complainant was the owner in fee of lot No. 3, in block No. 25,
in Marshall ; that complainant made an agreement with defend-
ant to exchange, etc. ; that in pursuance of such agreement,
complainant executed and delivered to defendant a good and
sufficient deed for the said lot in Marshall ; and that the defend-

ant has refused to convey to complainant the lands. Decree then directs that defendant, within twenty days, make, execute and deliver to complainant a good and sufficient deed, *free from the dower interest of his wife*, to the said lands ; that complainant recover from defendant $30 damage sustained by him, by reason of the defendant's non-performance of his agreement, together with costs, etc.

At the November term, 1858, defendant filed in the said court his petition for leave to file a bill for review in the said cause.

Petition contains a statement of the time of filing the original bill, the substance thereof, and also of the decree rendered in the said cause. It states that, in fact, defendant never agreed to convey to complainant the said twenty acres, etc. ; that at the time decree was rendered in the said cause, he was unable to call witnesses by whom he could prove such fact; that since the rendition of such decree, he had discovered witnesses by whom he could prove that by his agreement of exchange with complainant, he was to convey him only a forty acre tract of land in exchange for the said town lot and premises.

Afterwards, at said term of court, an order was entered of record, refusing to defendant leave to file a bill for review in the said cause. HARLAN, Judge, presiding.

JOHN SCHOLFIELD, for Plaintiff in Error.

C. H. CONSTABLE, for Defendant in Error.

CATON, C. J. The only real fault which we can find with this decree is, that it does not direct that in case the wife of the defendant should refuse to join in the conveyance and release her dower in the premises, then the defendant should pay to the complainant the value thereof, and that a reference be made to the master to compute the value of the wife's expectancy. But that can as well be done hereafter on an application to the court, showing that the wife refuses to release her dower, (should such be the case,) and asking a reference.

The case made by the bill is so plain as to admit of no discussion, and we shall waste no time in showing that it is sufficient to warrant the relief asked for. The defendant, at first filed an answer, to which which an exception was sustained. The defendant then withdrew his appearance and abandoned the case. The cause then stood as if no answer had been filed, and a decree *pro confesso* was properly entered.

This leaves nothing of the case requiring consideration, except the refusal of the court to allow the defendant, at a subse-

quent time, to file a bill of review, and in this we think the court was unquestionably right. The defendant knew of every fact which he now proposes to interpose as a defense, at the time he abandoned his case and virtually confessed the truth of the bill, and there is no pretense .that he had made the least effort to find his witnesses. If he had a defense and did not make it, it was his own fault, and he must abide by the result.

The decree is affirmed.

*Decree affirmed.*